**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DIRECTV, INC., a California Corporation, | ) ) ) | 2:10-cv-00408-HDM-RJJ |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| CHARLETTE ARCHER, et al., | ) ) ) | |
| Defendant. | ) ) | |

**I.   Statement of the Case**

Plaintiff is DirecTV, Inc., which operates a direct broadcast satellite service and owns the rights to distribute to commercial establishments the NFL Sunday Ticket Program on September 27, 2009. On March 23, 2010, plaintiff filed a complaint against defendants Charlette Archer, Glenn Petty and Our Place, aka Charlies Place, alleging the defendants illegally televised plaintiff's satellite programing using a number of fraudulent means and without paying the requisite licensing fees.  See Complaint (Docket No. 1). Specifically, plaintiff alleges the defendants willfully violated

1

1  47 U.S.C. § 605 of the Communications Act by showing week 3 of the
2  NFL Sunday Ticket program on September 27, 2009 at their bar, a
3  commercial establishment.  *Id.*  Defendants Glenn Petty and Our
4  Place, aka Charlies Place, have since been dismissed from the
5  action. See Notice of Partial Dismissal and Aug. 26, 2010 Minutes
6  (Docket Nos. 14, 17).  The only remaining defendant is Charlette
7  Archer, who is the sole proprietor of Our Bar in Pahrump, Nevada.
8  She is proceeding pro se.
9    Defendant Charlette Archer was served with the summons and
10 complaint on April 14, 2010.  See Certificate of Service (Docket
11 No. 5).  She filed an answer on May 5, 2010.  See Answer (Docket
12 No. 7).  On June 2, 2010, plaintiff mailed its initial disclosures
13 to Archer. See Mot. Summ. J. 2 (Docket No. 23).  On August 10,
14 2010, plaintiff served defendant Archer with discovery requests,
15 including Requests for Admission, Interrogatories and Requests for
16 Production.  Mot. Summ. J. 3, Ex. A.  Defendant Archer failed to
17 respond to the discovery requests within 30 days pursuant to
18 Federal Rule of Civil Procedure 36(a)(3).  Mot. Summ. J. 3.  On
19 September 22, 2010, plaintiff sent defendant a "good faith
20 discovery letter."  *Id.*  On October 1, 2010, plaintiff served
21 defendant a Notice of Facts Deemed Admitted pursuant to Rule
22 36(a)(3) to place defendant "on notice that all matters contained
23 in Plaintiff's Requests for Admission were deemed admitted by
24 default." Mot. Summ. J. 3, Ex. B.
25    On November 23, 2010, plaintiff filed a motion for summary
26 judgement arguing that since defendant failed to respond to
27 plaintiff's requests for admission, there remains no genuine issue
28 of material fact. Not. of Mot. Summ. J. 2.  As of the filing of the

motion for summary judgment, plaintiff had not received any response to its discovery requests or to its notice of facts deemed admitted. Mot. Summ. J. 3-4.  Any response to the motion for summary judgment was due December 17, 2010.  No opposition was filed by defendant Archer at that time.  On December 22, 2010, plaintiff filed a notice of no opposition to plaintiff's motion for summary judgment, in which plaintiff asked this court to "construe such non-opposition as consent for granting the motion" and to rule on the motion for summary judgment forthwith, pursuant to Local Rule 7-2(d) and Federal Rule of Civil Procedure 56(e)(2).  See First Not. of No Opp'n (Docket No. 27).

On January 20, 2011, this court held a hearing on plaintiff's motion for summary judgment.  Plaintiff's counsel and defendant Archer were present.  See Jan. 20, 2011 Minutes (Docket No. 32). Defendant advised the court that she had moved and was not receiving her mail.  She requested that she be sent any documents relating to the motion for summary judgment again and that she be given an extension of time in which to respond to the motion.  In addition, defendant advised the court that her current address is 3720 West Bell Vista, Pahrump, Nevada 89060. *Id.*  The court directed plaintiff to re-serve all previously served pleadings on defendant at her new address and granted defendant a thirty (30) day extension of time from January 24, 2011 in which to respond to the pleadings. *Id.*

On January 21, 2011, plaintiff re-served nineteen (19) documents, including the motion for summary judgment, on defendant at "3720 W. Vell Vista, Pahrump, NV 89060."  See Certificate of Service 2 (Docket No. 31).  Defendant filed a motion to extend time

3

to file a response to the motion for summary judgment on February 25, 2011, in which she acknowledged receipt of the 19 re-served documents and requested a sixty (60) day extension of time to respond to them.  See Mot. Extend Time 2 (Docket No. 33).  The court granted defendant's request on February 28, 2011.

Defendant again failed to respond to plaintiff's motion for summary judgment in the time allowed.  Plaintiff filed a second notice of no opposition on May 3, 2011, asking the court to rule on the motion for summary judgment.  See Second Not. of No Opp'n (Docket No. 35).

## II.  Legal Standard

Rule 56(c) provides that summary judgment be granted where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Rule 36(a)(3) provides that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3).  Thus, an unanswered request for admission is deemed admitted.  "Unanswered requests for admissions may be relied on as the basis for granting summary judgment." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (*citing O'Campo v. Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958); see also *Darbellay v. Potter*, 239 Fed. Appx. 371 (9th Cir. 2007) (Because Darbellay failed to respond to USPS's requests for admissions, the district court properly deemed the matters admitted pursuant to Rule 36(a) , and, in the absence of any disputed issue of material fact, properly granted summary

judgment.).  Further, Rule 56(e) provides that "[i]f the opposing party does not respond [to a motion for summary judgment], summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).  Likewise, Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to granting the motion." LR 7-2(d).

**III. Analysis**

Plaintiff's motion for summary judgment argues that plaintiff is entitled to bring this action for damages under the Communications Act, which provides "no person not being entitled ... shall receive ... any interstate or foreign communication by radio and use such communication ... for his own benefit." *DIRECTV v. Hendrix,* 2005 U.S. Dist. Lexis 17348; 47 U.S.C. § 605. Plaintiff also argues: (1) that DirecTV has the exclusive rights to distribute the NFL Sunday Ticket Program to commercial establishments; (2) that DirecTV works with auditors to discover illegal exhibitions of its programs; (3) that on September 27, 2009, an auditor witnessed an illegal exhibition of week 3 of the NFL Sunday Ticket program by the defendant at Our Place/Our Bar; (4) that defendant did not have authorization to exhibit the program on September 27, 2009; and (5) that the exhibition of the program was intentional because the defendant only had a residential account with DirecTV and had purchased NFL Sunday Ticket at a residential rate. See Mot. Summ. J. 8-11, Ex. A (Pl's First Request for Admissions); see also Mader Affidavit Ex. A (Piracy Affidavit).

5

Defendant was given several opportunities to respond to plaintiff's requests for admission and to oppose plaintiff's motion for summary judgment. The court held a hearing on January 20, 2011 where, after hearing from both sides, it deferred ruling on the motion for summary judgment. In addition, the court ordered plaintiff re-serve defendant with the pleadings, including plaintiff's requests for admission and motion for summary judgment, and granted defendant a 30 day extension of time to respond to the pleadings. See Jan. 20, 2011 Minutes. On February 28, 2011, after defendant had been re-served with the pleadings, the court granted defendant an additional 60 days in which to respond to plaintiff's requests and oppose the motion for summary judgment. To date, defendant has not responded to plaintiff's requests for admissions or filed an opposition to the motion for summary judgment.

Unanswered requests for admission are deemed admitted and "may be relied on as the basis for granting summary judgment." *Conlon*, 474 F.3d at 621; see also Rule 36(a)(3). Further, if an "opposing party does not respond [to a motion for summary judgment], summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2); LR 7-2(d) (failure to oppose a motion constitutes consent to granting the motion). By failing to respond to plaintiff's requests for admission and by failing to oppose plaintiff's motion for summary judgment, defendant Archer has essentially admitted to the following: (1) she was a principal of Our Place/Our Bar, at 3720 West Bell Vista Avenue, Pahrump, Nevada, on September 27, 2009, with supervisory control over activities at Our Place/Our Bar and its operating procedures; (2) Our Place/Our Bar was open for business on September 27, 2009; (3) Archer and Our

6

Place/Our Bar had the capacity to receive DirecTV programing on September 27, 2009; (4) Archer and Our Place/Our Bar exhibited a portion of the broadcast of week 3 of the NFL Sunday Ticket program on September 27, 2009; (5) the exhibition of the program was advertised; (6) the exhibition was not authorized by DirecTV; (7) Our Place/Our Bar is a commercial business that served food and alcohol and had the capacity for 50-75 patrons on September 27, 2009; and (8) Archer and Our Place/Our Bar received financial benefit from exhibiting the program. See Mot. Summ. J. 4-6, Ex. A. In addition, the only document filed by defendant Archer in this action is her answer filed May 5, 2010.  Defendant Archer's answer denies the allegations in the complaint, but also specifically states that:

> When I lost my home I contacted Directv to tell them I was moving and needed to cancel my subscription.  I was told that I was still under contract ... and would still owe for the remaining months even if I returned their equipment.  I was told that I could ... hook up all of the equipment at my new residence and complete my contract ... I decided to move in with my fiancé ... and as he had ... a full package with Dish Network, I put the Directv in the bar ... I had contacted Directv many times from the bar phone to make payments... and did not know that I was violating any rules.

See Answer ¶ 13.  Although she claims not to have been aware she was "violating any rules," she admits to setting up the DirecTV equipment in her bar. *Id.*

Based on the foregoing, no genuine issue of material fact

7

remains on plaintiff's claims of violations of the Cable Communications Policy Act, 47 U.S.C. § 605(e)(3)(C), violations of 18 U.S.C. § 2511 through interception of DirecTV's electronic communications, and civil conversion. Accordingly, plaintiff's motion for summary judgment (Docket No. 23) is GRANTED.

The court shall hold a hearing on Tuesday, May 24, 2011, at 2 p.m., at which time plaintiff shall prove up its damages and entitlement to injunctive relief. Plaintiff shall file an affidavit setting forth the requested damages together with any entitlement to attorneys fees and costs on or before Thursday, May 19, 2011.

A copy of this order shall be forwarded to defendant at her current address, 3720 West Bell Vista, Pahrump, Nevada 89060.

**IT IS SO ORDERED.**

DATED: This 11th day of May, 2011.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE

8